1  MEGHANN A. TRIPLETT (SBN 268005)
   *Meghann@MarguliesFaithLaw.com*
2  ANNA LANDA (SBN 276607)
   *Anna@MarguliesFaithLaw.com*
3  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
4  Encino, California 91436
   Telephone: (818) 705-2777
5  Facsimile:  (818) 705-3777

6  Attorneys for Plaintiff, Jeremy W. Faith, Chapter 7 Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **NORTHERN DIVISION**

11

| | |
|---|---|
| In re | Case No.:  9:21-bk-10234-DS |
| LA CASA DE LA RAZA, INC., | Chapter 7 |
| Debtor. | Adv. No.: _____ |
| | **COMPLAINT FOR:** |
| JEREMY W. FAITH, Chapter 7 Trustee, | **(1) AVOIDANCE OF FRAUDULENT TRANSFERS [11 U.S.C. § 548(a)(1)(B)];** |
| Plaintiff, | **(2)  RECOVERY OF AVOIDED TRANSFERS [11 U.S.C.§ 550];** |
| v. | **(3) FRAUD, CONCEALMENT, AND DECEIT [Cal. Civ. Code. §§ 1572, 1709, 1710];** |
| MLG LEASING, INC., a California Corporation, and TOMAS A. CASTELO, an Individual, | **(4) VIOLATION OF CAL. CIVIL CODE § 2943;** |
| Defendants. | **(5) UNJUST ENRICHMENT;** |
| | **(6) ACCOUNTING;** |
| | **(7) CONVERSION; AND** |
| | **(8) QUIET TITLE** |

24  **TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY**

25  **JUDGE:**

26       Plaintiff Jeremy W. Faith (the "Plaintiff"), the chapter 7 trustee for the bankruptcy

27  estate (the "Estate") of La Casa de la Raza, Inc. ("La Casa" or "Debtor"), respectfully

28  alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b) and 1334(a) and (b) in that this proceeding arises in and relates to La Casa's bankruptcy proceeding pending in the Central District of California, Northern Division, as *In re La Casa de la Raza, Inc.*, Case No. 9:21-bk-10234-DS (the "Bankruptcy Case"). This proceeding also "arises under" title 11 as it involves claims for relief created or determined by a statutory provision of title 11. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), (K), and (O). Plaintiff consents to entry of final orders and judgments by the Bankruptcy Court in this matter.

2. Venue is appropriate in this court. 28 U.S.C. § 1409(a).

## PARTIES

3. Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee for Debtor's Estate. Plaintiff has standing to bring this action under 11 U.S.C. § 323.

4. Plaintiff is informed and believes that defendant MLG Leasing, Inc. ("MLG") is a California Corporation and is subject to the jurisdiction of this court.

5. Plaintiff is informed and believes that MLG was incorporated under the laws of the State of California on May 12, 1988. According to the Statement of Information filed with the Secretary of State of California on July 3, 2021, the business of MLG is described in paragraph 6 of the Statement of Information as "Leasing of Business Equipment."

6. Plaintiff is informed and believes, that defendant Tomas A. Castelo ("Castelo") is an individual, a lawyer, is the Chief Executive Officer, Secretary, Chief Financial Officer, Director, and Agent for Service of MLG and is subject to the jurisdiction of this court. Castelo was also a founding member of the Debtor. (MLG and Castelo and collectively referred to as the "Defendants").

## GENERAL ALLEGATIONS

7. Plaintiff is informed and believes, that at all relevant times, La Casa was a California nonprofit corporation serving the socially and economically disadvantaged

1  members of the Santa Barbara Hispanic community.

2      8.    Plaintiff is informed and believes, that at all relevant times, La Casa used

3  the real property located at 601 East Montecito Street, Santa Barbara, California, 93101,

4  APN: 031-352-14 (the "Property") as its business premises.  From the Property, La Casa

5  ran a community center known as the Cesar E. Chavez Center and provided multiple

6  resources to the Santa Barbara Hispanic community.

7      **A.    The 2012 Loan**

8      9.    Plaintiff is informed and believes that in or around June of 2012, La Casa

9  borrowed $440,000 ("2012 Loan") from Nelson Shrager or Steve Shrager, as Trustees

10  FBO the Budget Industrial Uniform Supply, Inc.  Profit Sharing Plan, *et al.* (collectively,

11  the "Shrager Parties").  In connection with the 2012 Loan, La Casa executed a

12  promissory note in the original principal sum of $440,000, payable to the Shrager

13  Parties, dated June 6, 2012 ("Shrager Note").  The Shrager Note was secured by a Deed

14  of Trust against the Property, which was serviced by Fidelity Mortgage Lenders, Inc.

15  ("Deed of Trust").

16      10.    Plaintiff is informed and believes, that La Casa defaulted under the Shrager

17  Note, resulting in the recording of a notice of default, followed by a notice sale indicating

18  the Property would be sold pursuant to the Deed of Trust on September 28, 2015.

19      11.    Plaintiff is informed and believes, that on September 16, 2015, Fidelity

20  provided La Casa with a letter entitled "Beneficiary's Demand for Payoff" which stated

21  the balance due and owning on the Schrager Note as of September 25, 2015, was

22  $522,314.28.

23      **B.    The MLG Loan**

24      12.    Plaintiff is informed and believes that on or about September 19, 2015,

25  Castelo told La Casa he would provide La Casa a "bridge loan" to prevent foreclosure

26  while La Casa sought to secure a new loan through the Santa Barbara Foundation.

27      13.    Plaintiff is informed and believes Castelo subsequently purchased the

28  Shrager Note for approximately $523,000.

14.    Plaintiff is informed and believes that by letter dated November 5, 2015, La Casa was advised that the Shrager Note and Deed of Trust had been assigned to MLG (referred to hereinafter as the "MLG Note").

15.    Plaintiff is informed and believes that by separate letter dated November 15, 2015, MLG advised La Casa that it would "consider a request to continue the foreclosure for a reasonable period, not to exceed 60 days, to permit La Casa to continue its use of the premises uninterrupted and to permit the parties to negotiate a long-term solution" so long as La Casa (1) commenced the regular monthly payments of $4,101.38 due under the Shrager Note; (2) "[made] a diligent and good faith effort to obtain a temporary 'bridge loan'" in the amount of $126,208.54, plus daily accruals, and (3) "[made] a diligent and good faith effort to obtain replacement financing."

16.    Plaintiff is informed and believes that a foreclosure sale under the MLG Note of the Property was scheduled to occur on January 27, 2016.

17.    Plaintiff is informed and believes that La Casa's board, staff, and volunteers actively pursued multiple funding options but were unable to refinance or sell the Property as a result of La Casa's inability to obtain an accurate payoff demand from Defendants.

18.    Plaintiff is informed and believes that Defendants were in a position of authority and uneven bargaining power and were required to provide La Casa with the necessary information that would allow La Casa to make prudent and beneficial decisions regarding modification of its loan with MLG and/or paying off the MLG Note.

**C.    The Civil Action**

19.    On January 25, 2016, La Casa filed a civil suit (Case No. 16CV00266) against Defendants along with a motion for a temporary restraining order and preliminary injunction in the Santa Barbara Superior Court (the "Civil Action"), seeking to prevent MLG from foreclosing on the Property.

20.    Plaintiff is informed and believes that the preliminary injunction in the Civil Action was heard on February 10, 2016 and was subsequently denied.

### D.    La Casa's Chapter 11 Bankruptcy Case

21.    On February 23, 2016, La Casa filed a voluntary chapter 11 petition initiating bankruptcy case no. 9:16-bk-10331-PC (the "Chapter 11 Case") to halt MLG's continued foreclosure sale.

22.    Plaintiff is informed and believes that the Chapter 11 Case was essentially a two-party dispute wherein MLG wanted to foreclose on its lien on the Property and aggressively litigated to thwart Debtor's reorganization efforts, and to secure possession of the Property.

23.    Plaintiff is informed and believes that as of the filing of the Chapter 11 Case, the Property had a fair market value of $2,200,000 with valid liens that did not exceed $760,000.  MLG held the first position lien encumbering the Property

24.    Plaintiff is informed and believes that during the pendency of the Chapter 11 Case, La Casa sought to protect MLG's interest in the Property pending confirmation of a plan by compliance with 11 U.S.C. § 362(d)(3), a 65% equity cushion, and monthly adequate protection payments of $3,262.42 per month to MLG since September 2016.

25.    Plaintiff is informed and believes that on August 21, 2017, the court issued Memorandum of Decision and separate order in the Chapter 11 Case, imposing sanctions against MLG, and MLG's attorney of record Anthony Fischer ("Fischer") and in favor of La Casa and its counsel of record Eric Bensamochan, pursuant to Federal Rule of Bankruptcy Procedure 9011 finding that MLG's 191-page brief filed in response to La Casa's Second Disclosure Statement was both legally and factually frivolous, and was filed for an improper purpose.

26.    Plaintiff is informed and believes that during the Chapter 11 Case, La Casa participated in several rounds of negotiations and mediations with Defendants, and La Casa made multiple attempts reach an agreed payoff amount with Defendants, and Defendants blocked viable solutions for La Casa's payment of the MLG Note before and during the Chapter 11 Case.

/ / /

27.     The bankruptcy court determined that as of September 1, 2017, MLG's total secured claim against the Property was $705,549.63, with interest to accrue at $228.85 per day as of that date (the "MLG Secured Claim").  This finding was reflected in the "Order on the Objection to the Second Amended Proof of Claim filed by MLG, Leasing, Inc." entered in the Chapter 11 Case on October 5, 2017 as Docket No. 270.

28.     The Chapter 11 Case was dismissed on July 17, 2018.

**E.      La Casa's Efforts to Refinance the Property**

29.     Plaintiff is informed and believes that in late 2018, La Casa representatives met with the Housing Authority of the City of Santa Barbara (the "Housing Authority") to explore refinancing the debt on the Property.

30.     Plaintiff is informed and believes that on December 12, 2018, the Housing Authority Commission approved a loan to La Casa for $1.5 million to pay off the MLG Note as well as La Casa's other outstanding debts with a redevelopment plan to include affordable housing on Property (the "Housing Authority Loan").

31.     Plaintiff is informed and believes that Defendants prevented the closing of the Housing Authority Loan by heavily inflating the unpaid debt on the MLG Note and refusing to provide an accurate accounting and payoff demand to La Casa.

32.     Plaintiff is informed and believes, that on or about July 24, 2019, MLG caused a *Notice of Default and Election to Sell Under Deed of Trust* to be recorded against the Property as Instrument No. 2019-0031020 with the Santa Barbara County Recorder's Office on the Property ("NOD").  The NOD reflects an unpaid balance of $602,859.55 owing to MLG by La Casa as of July 18, 2019.

33.     Plaintiff is informed and believes that in or about August 2019,  the Housing Authority Loan fell through because Defendants suddenly claimed that over $1.1 million was owed on the MLG Note, thereby preventing La Casa from closing the Housing Authority Loan because the total debt would exceed the approved $1.5 million Housing Authority Loan and would not be enough to cover the total debt on the Property.

/ / /

34.    Plaintiff is informed and believes that sometime prior to August 2019, La Casa leased a portion of the Property to Premier Auto Body, which entity paid La Casa monthly rent.

35.    Plaintiff is informed and believes that as of August 1, 2019, MLG and/or Castelo began collecting the monthly rent due to La Casa under the lease with Premier Auto Body of $3,000.00 from Premier Auto Body (the "Premier Rent).

36.    Plaintiff is informed and believes that MLG did not credit the Premier Rent collected towards the balance owed on the MLG Note.

37.    The Employment Develop Department (the "EDD") caused the following State Tax Liens to be recorded against the Property:

- Notice of State Tax Lien in the amount of $1,721.30, recorded on March 15, 2019, as Instrument No. 2019-0010175 in the Santa Barbara County Recorder's Office for the period of July 1, 2018 to September 30, 2018; and

- Notice of State Tax Lien in the amount of $1,331.09, recorded on April 30, 2019, as Instrument No. 2019-0017129 in the Santa Barbara County Recorder's Office for the period of October 1, 2018 to December 31, 2018

Together the "EDD Liens" totaling $3,052.39.

38.    The Internal Revenue Service ("IRS") caused the following Federal Tax Liens to be recorded against the Property:

- Notice of Federal Tax Lien in the amount of $150,130.93, recorded on September 13, 2019, as Instrument No. 2019-0040214 in the Santa Barbara County Recorder's Office; and

- Notice of Federal Tax Lien in the amount of $12,945.13, recorded on November 25, 2019, as Instrument No. 2019-0054233 in the Santa Barbara County Recorder's Office.

Together the "IRS Liens" totaling $163,076.06.

/ / /

**F.** **Defendants Repeatedly Refuse to Provide La Casa with a Payoff**
**Demand or Accounting on the MLG Note**

39.     Plaintiff is informed and believes, that La Casa requested payoff demands from Defendants on multiple occasions, including but not limited to email communications sent to MLG through its agent Castelo, and its counsel Tony Fischer, Esq. ("Fischer").

40.     Plaintiff is informed and believes that Defendants refused to provide La Casa with a payoff demand and accounting of the unpaid debt on the MLG Note as required by California law.

41.     Plaintiff is informed and believes that Defendants refused to provide a payoff demand or accept payment on the MLG Note unless La Casa met certain guidelines imposed by Castelo, including but not limited to stipulations on how to govern its board, and specific restrictions and requirements for any transfer of ownership, including deed restrictions, as a condition on working with La Casa and providing the requested information on the MLG Note.

42.     Plaintiff is informed and believes that on or about November 5, 2019, Castelo informed La Casa representatives via email that the amount owed to MLG, assuming a payment on January 30, 2020, was approximately $1,427,348.12, based upon the continued accrual of interest and late payments and expenses of collection including attorney fees.  Castelo further conditioned accepting payment from La Casa on dismissal of the Civil Action with prejudice and La Casa providing evidence that the funds will be available.  No accounting was provided.

43.     Plaintiff is informed and believes that on December 6, 2019, Andrea Medina, PhD., who was the Co-Executive Director of La Casa at that time, sent an email to Castelo requesting an itemized and final pay off on the MLG Note as of January 30, 2020 (the "December 6th Payoff Request).

44.     Plaintiff is informed and believes that on or about December 31, 2019, Castelo responded to the December 6th Payoff Request and informed La Casa via email

7

that he could not "accurately predict a final amount for payment of the [MLG] Note without [La Casa's] full disclosure of the sources and applications of the payoff proceeds to confirm the inclusion and payment of the outstanding liens for Payroll and Property Taxes and have submitted a projected payoff to CNA Foreclosure services, Inc. in the amount of $1,750,000-!".  Castelo further stated that he would "not agree to a voluntary payoff or transfer of interest [of the MLG Note] to any third party without [his] approval of their proposed plans in compliance with our mutual goals and timetables for the future preservation and maintenance of the building, the entity and its facilities."

45.    Plaintiff is informed and believes, that on or about January 6, 2020, MLG caused a *Notice of Trustee's Sale Under Deed of Trust* to be recorded, as Instrument No. 2020-0000362 in the Santa Barbara County Recorder's Office ("NOS").  The NOS lists the total unpaid balance owing to MLG on the Property, including "reasonable estimated cost, expenses, and advances at the time of the initial publication of the Notice of Sale" as $1,750,000.00.

46.    Plaintiff is informed and believes that in January 2020, La Casa met with the Santa Barbara Community College Foundation (the "SBCC Foundation") to discuss loan buyout and financing options.

47.    Plaintiff is informed and believes that Defendants again prevented La Casa from moving forward with refinancing the debt on the Property with the SBCC Foundation or working with other foundations who could have provided funding by delaying and refusing to provide a formal payoff demand and accounting on the MLG Note.

48.    Plaintiff is informed and believes that La Casa was unable to refinance the MLG Note or sell the Property as a result of its inability to obtain an accurate payoff demand statement or an accounting of the unpaid debt from Defendants.

49.    Plaintiff is informed and believes that Defendants concealed or failed to disclose material facts concerning the amount of the unpaid debt owed by La Casa on the MLG Note.

50.    Plaintiff is informed and believes that Defendants made multiple misrepresentations to La Casa relating to MLG's security interest in the Property, the MLG Note, and the foreclosure process.

51.    Plaintiff is informed and believes that on or about January 15, 2020, Castelo falsely represented to La Casa that he was singlehandedly financing monthly payments of over $1.25 million of personally borrowed funds utilized to acquire the Shrager Note on the Property and to continue funding the mounting legal and administrative fees incurred to date.

52.    Plaintiff is informed and believes that on or about January 15, 2020, Castelo informed La Casa via email that he elected to fund an impound account with $500,000 to pay off the cumulative IRS and six (6) years of delinquent property taxes plus penalties and interest to fund a foreclosure opening bid on the Property in the amount of $1,750,000 at the scheduled February 5, 2020 foreclosure sale.

53.    Plaintiff is informed and believes that Castelo never formed an impound account and did not pay the outstanding taxes owed to the IRS or property taxes owed by La Casa in advance of the Foreclosure Sale.

54.    Plaintiff is informed and believes that Castelo was concerned and felt that there was a strong possibility that speculators and other bidders would succeed in acquiring the title to the Property by over-bidding to acquire the excess equity remaining above the existing liabilities at the Foreclosure Sale.

55.    Plaintiff is informed and believes that in an attempt to retain control of the Property, in or about January 2020, Castelo solicited members of the La Casa Board to "make the personal sacrifice" to fund total additional loan contributions of $500,000 to $1.5 million to an Equity Line of Credit Note secured by a Second Deed of Trust against the Property to prevent any prospective speculators from bidding at the Foreclosure Sale.

/ / /

/ / /

### G.    The Foreclosure of the Property

56.    Plaintiff is informed and believes that a foreclosure sale on the Property was held on March 11, 2020 (the "Foreclosure Sale"), wherein MLG credit bid $2,953,890.83 as the total amount of unpaid debt owing to MLG, and MLG's bid in that amount was in full satisfaction of the indebtedness secured by MLG's deed of trust on the Property (the "Fraudulent Bid").

57.    Plaintiff is informed and believes that MLG, through its agent Castelo, provided a knowingly inaccurate payoff statement to the foreclosure trustee to chill bidding at the Foreclosure Sale and ensure MLG was the successful purchaser of the Property.

58.    Plaintiff is informed and believes that Castelo concealed the amount of the Fraudulent Bid from La Casa and La Casa did not have notice of the amount of the Fraudulent Bid in advance of the Foreclosure Sale.

59.    Plaintiff is informed and believes that the Fraudulent Bid was substantially more than the total unpaid debt owed to MLG at the Foreclosure Sale and to date, MLG has failed to provide accounting or surplus proceeds to La Casa or to Plaintiff.

60.    Plaintiff is informed and believes that MLG, through its agent Castelo, instructed the foreclosure trustee to begin bidding, communicating the Fraudulent Bid to the auctioneer that was more than $1.9 million more than the actual amount of the unpaid debt owed to MLG and the amount MLG was entitled to credit bid at the Foreclosure Sale.

61.    Plaintiff is informed and believes that as a result of the Fraudulent Bid, the junior liens against the Property, including but not limited to the IRS Liens and the EDD Liens, were wiped out by MLG's Fraudulent Bid at the Foreclosure Sale.

62.    Plaintiff is informed and believes that MLG's fraudulent misrepresentation about the amount owed on its senior lien operated as a fraud or deceit upon the junior lienholders, including but not limited to the IRS and the EDD for outstanding federal and state taxes owing and secured against the Property.

63.    Plaintiff is informed and believes that the Fraudulent Bid caused irregularity, fraud, and unfairness within the foreclosure sale process and chilled competitive bidding at the Foreclosure Sale.

64.    Plaintiff is informed and believes that MLG improperly demanded and fraudulently inflated, expenses and other costs and fees in excess of the amount La Casa legally owed on the MLG Note at the Foreclosure Sale, and MLG failed to provide an accounting or surplus proceeds to La Casa.

65.    On March 13, 2020, a *Trustee's Deed Upon Sale* was recorded as Instrument No. 2020-0013144 in the Santa Barbara County Recorder's Office listing the amount of consideration for the Property as $2,953,890.90, amount of unpaid debt as $2,953,890.90, and Grantee MLG Leasing, Inc. as the Beneficiary (the "Transfer").

66.    Plaintiff is informed and believes that the Property had a value of at least $2,953,890.83 at the time of the Transfer.

67.    Plaintiff is informed and believes that La Casa's equity interest in the Property at the time of the Transfer was worth at least $1.9 million ("Equity Interest").

68.    Plaintiff is informed and believes that as a result of the Fraudulent Bid, La Casa received no consideration in exchange for the Equity Interest in the Property.

69.    Plaintiff is informed and believes that as a result of the Fraudulent Bid, MLG fraudulently obtained value and equity in the Property above its actual security interest that could have been used to pay La Casa's creditors.

**H.    The Involuntary Chapter 7 Case**

70.    The Bankruptcy Case was commenced by the filing of an involuntary chapter 7 bankruptcy petition pursuant to 11 U.S.C. § 303 on March 9, 2021 (the "Petition Date") by petitioning creditors Bensamochan Law Firm, Inc., Kelley Clarke, PC, and Christman, Kelley & Clark, PC (collectively, the "Petitioning Creditors").

71.    The Order for Relief was entered in the Bankruptcy Case on May 10, 2021. Plaintiff was subsequently appointed as the Chapter 7 trustee for La Casa's bankruptcy estate on June 8, 2021.

72.    Plaintiff asserts that as of the Petition Date, the Debtor owned a beneficial or equitable interest in the Property.

73.    Defendants have refused Plaintiff's request for an accounting on the MLG Note at the time of the Transfer.

74.    Defendants have refused Plaintiff's requests for copies of payoff demands provided to La Casa on account of the unpaid debt owing to MLG from July 2019 through and including the date of the Transfer.

### **FIRST CLAIM FOR RELIEF**

**(Avoidance of Constructive Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(B))**

**Against Defendant MLG**

75.    Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

76.    Plaintiff is informed and believes that the Transfer was a transfer of an interest in property of La Casa to MLG within the two (2) years prior to the Petition Date.

77.    Plaintiff is informed and believes that La Casa did not receive reasonably equivalent value in exchange for the Transfer.

78.    Plaintiff is informed and believes that La Casa:

    a.  Was insolvent on the date that the Transfer was made, or became insolvent as a result of the Transfer;

    b.  Was engaged or was about to engage in a business or a transaction for which any property remaining with La Casa was an unreasonably small capital; or

    c.  Intended to incur, or believed, or reasonably should have believed, it would incur debts beyond its ability to pay them as they became due.

79.    Plaintiff is informed and believes that the Transfer was a fraudulent transfer avoidable under 11 U.S.C. § 548(a)(1)(B).

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

### (Recovery of Avoided Transfer - 11 U.S.C. § 550)

### Against Defendant MLG

80.     Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

81.     Plaintiff is informed and believes that MLG was the initial transferee of the Transfer or the entity for whose benefit the Transfer was made or the mediate or immediate transferee of the Transfer.

82.     Pursuant to the provisions of 11 U.S.C. § 550(a), Plaintiff may recover the Transfer plus interest thereon at the maximum legal rate from the date the Transfer was made.

## THIRD CLAIM FOR RELIEF

### (Fraudulent Concealment and Deceit - Cal. Civ. Code. §§ 1572, 1709, 1710)

### Against All Defendants

83.     Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

84.     Plaintiff is informed and believes that Defendants had actual knowledge that the Fraudulent Bid was false and significantly overstated the unpaid debt owed to MLG, or lacked honest belief in its truth, and knew the amount of debt listed in the Fraudulent Bid was materially false.

85.     Plaintiff is informed and believes that Defendants knew or had reason to know the amount of the Fraudulent Bid was overstated or that said representations were carelessly and recklessly made in manner not warranted by information available to them to calculate the correct amount of the unpaid debt owing on the MLG Note.

86.     Plaintiff is informed and believes that Defendants falsely and fraudulently, and with intent to deceive and defraud La Casa and its creditors, represented to the foreclosure trustee that the Fraudulent Bid was the correct amount of the unpaid debt owed to MLG as of March 11, 2020.

87.     Plaintiff is informed and believes that Defendants actively participated in a conspiracy to defraud with intent to induce the foreclosure trustee to accept the Fraudulent Bid to chill any overbidding at the Foreclosure Sale and ensure MLG was the successful purchaser of the Property.

88.     Plaintiff is informed and believes that Defendants concealed the amount of the Fraudulent Bid from La Casa prior to the Foreclosure Sale.

89.     Plaintiff is informed and believes that the foreclosure trustee relied on Castelo's representations as the agent for MLG that the Fraudulent Bid was the correct amount of the unpaid debt owing on the MLG Note as of March 11, 2020.

90.     Plaintiff is informed and believes that Defendants had a legal duty to provide the foreclosure trustee and La Casa with the correct amount of the unpaid debt owing on the MLG Note.

91.     MLG obtained title to the Property at the Foreclosure Sale in a manner that is inconsistent with La Casa's property rights by fraudulently inflating the loan balance and causing actual damage to La Casa.

92.     By reason of Defendants' fraudulent misrepresentations, La Casa has sustained actual damages of at least $1.9 million and according to proof at trial.

93.     Plaintiff may recover, lost rents, attorneys' fees and costs expended because of Defendants' deceit.

94.     Plaintiff is informed and believes that the wrongful conduct of Defendants as alleged in this claim for relief, was willful, wonton, malicious, oppressive, outrageous, and fraudulent, and justifies an award of punitive damages in an amount sufficient to punish said defendant and deter future conduct of this type.

**FOURTH CLAIM FOR RELIEF**

**(Violation of Cal. Civil Code § 2943)**

**Against Defendant MLG**

95.     Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

96.   Plaintiff is informed and believes that La Casa repeatedly submitted requests for payoff demands to MLG, through its agent Castelo from November 2019 through December 2019, and in January 2020.

97.   Plaintiff is informed and believes that MLG repeatedly failed to provide La Casa payoff demand statements within twenty-one (21) days of the requests, as required by California Civil Code § 2943.

98.   California Civil Code § 2943 provides that a payoff demand must set "forth the amounts required as of the date of preparation … to fully satisfy all obligations secured by the loan that is the subject of the payoff demand statement."

99.   Plaintiff is informed and believes that MLG never provided a payoff demand statement to La Casa as defined in California Civil Code § 2943.

100.   Plaintiff is informed and believes that MLG's failure to provide payoff demands to La Casa and the submission of inflated demands was willful and done with the intent to harm La Casa and force it to pay amounts in excess of those owed.

101.   Plaintiff is informed and believes that direct and proximate result of MLG's failure to timely deliver payoff demand statements, La Casa suffered damages in that it was unable to sell the Property, was unable to pay off or refinance the MLG Note over a period of no less than four-years and was subject to continuing interest under the MLG Note.

102.   Plaintiff is entitled to its actual damages for the willful failure to provide payoff demand statements or, in the alternative, for statutory damages of $300 for each failure.

**FIFTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

**Against All Defendants**

103.   Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

/ / /

1    104.    Plaintiff is informed and believes that as a result of the Transfer,

2    Defendants received a benefit and unjustly retained that benefit at the expense of La

3    Casa in an amount to be proven at trial.

4    **SIXTH CLAIM FOR RELIEF**

5    **(Accounting)**

6    **Against Defendant MLG**

7    105.    Plaintiff hereby incorporates herein by reference the preceding paragraphs

8    of the Complaint as if fully set forth herein.

9    106.    Plaintiff is informed and believes that an actual and present dispute exists

10    as to the extent and legitimacy of the charges, expenses and other costs and fees La

11    Casa legally owed to MLG at the time of the Transfer.

12    107.    Plaintiff is informed and believes that MLG improperly demanded more

13    than the total outstanding secured debt at the Foreclosure Sale and MLG failed to

14    provide an accounting or surplus proceeds to La Casa.

15    108.    Plaintiff is informed and believes that the amount owed on the MLG Note

16    as of the Foreclosure Sale cannot be calculated because MLG has refused to provide an

17    accounting, and neither Plaintiff nor La Casa has the present ability to ascertain the

18    improper sums asserted by MLG as owing on the MLG Note without an accounting.

19    109.    Plaintiff is informed and believes that the amount owed on the MLG Note at

20    the time of the Transfer cannot be calculated by Plaintiff because Plaintiff has no present

21    ability to ascertain the accounting supporting the approximate $2.35 million increase in

22    debt owing on the MLG Note during the approximate seven-and-a-half-month period

23    between the recording of the NOD and the date of the Transfer without an accounting.

24    110.    Plaintiff is informed and believes that the information and means to

25    determine how the amount of debt listed by MLG as owing on the MLG Note at the time

26    of the Transfer and the calculation of the NOD, NOS, and Fraudulent Bid, is solely within

27    the knowledge of Defendants.

28    / / /

111.    Plaintiff is informed and believes that legal remedies are inadequate to provide the requisite information to Plaintiff.

112.    Plaintiff is entitled to an accounting for the charges, fees, costs and expenses improperly demanded by Defendants in excess of amounts that La Casa legally owed to obtain satisfaction of the MLG Note.

## **SEVENTH CLAIM FOR RELIEF**

### **(Conversion)**

### **Against All Defendants**

113.    Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

114.    Plaintiff is informed and believes that La Casa was the owner with a right to possess the Property as of the Foreclosure Sale.

115.    Plaintiff is informed and believes that by submission of the Fraudulent Bid, MLG wrongfully took ownership of the Property, and converted La Casa's $1.9 million equity interest in the Property by way of the Foreclosure Sale on March 11, 2020.

116.    Plaintiff is informed and believes that the Fraudulent Bid generated at least $1.9 million above the amount legally owed by La Casa under the MLG Note (the "Surplus Funds").

117.    Plaintiff is informed and believes that Defendants wrongfully held and converted the Surplus Funds owed to La Casa from the Foreclosure Sale of the Property.

118.    Plaintiff is informed and believes that the wrongful conduct of MLG, through its agent Castelo, as alleged in this claim for relief, was willful, wonton, malicious, oppressive, outrageous and fraudulent, and justifies an award of punitive damages in an amount sufficient to punish Defendants and deter future conduct of this type.

119.    Plaintiff is informed and believes that by virtue of Defendants' unlawful conversion of the Surplus Funds, La Casa was damaged in the amount of at least $1.9 million.

**EIGHTH CLAIM FOR RELIEF**

**(Quiet Title)**

**Against Defendant MLG**

120.    Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

121.    As of the Petition Date, La Casa had a legal, beneficial, and/or equitable interest in the Property.

122.    MLG asserts a claim or interest to the Property that is adverse to the Estate.

123.    Plaintiff seeks to quiet title to the Property as of the Petition Date.

124.    Plaintiff requests a decree of quiet title determining that as of the Petition Date, La Casa was the legal and equitable owner of the Property.

125.    Because the Property constitutes property of the Estate, Plaintiff is entitled to entry of judgment quieting title to the Property and adjudicating the vesting of the legal title and beneficial interest to be held in the name of "Jeremy W. Faith, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of La Casa de la Raza, Inc."

**WHEREFORE,** Plaintiff prays for relief as follows:

ON THE FIRST AND SECOND CLAIMS FOR RELIEF:

a.    For judgment against MLG avoiding the Transfer as a constructive fraudulent transfer under 11 U.S.C. § 548(a)(1)(B);

b.    For judgment against MLG recovering the Transfer, or the value of said Transfer for the benefit of the Estate under 11 U.S.C. § 550; and

c.    For judgment against MLG for the value of the Transfer together with interest thereon at the legal rate from the date of the Transfer.

ON THE THIRD CLAIM FOR RELIEF:

a.    For compensatory damages against Defendants in an amount to be determined at trial but in no event less than $1.9 million;

b.    For punitive and exemplary damages;

c.      For costs of suit and interest at the legal rate on all damages and sums awarded to Plaintiff, for the benefit of the Estate; and

d.      For such other and further relief as the court may deem proper

ON THE FOURTH CLAIM FOR RELIEF:

a.      For compensatory damages against MLG in an amount to be determined at trial or in the alternative, for statutory damages.

ON THE FIFTH CLAIM FOR RELIEF:

a.      For a judgment against Defendants for compensatory damages according to proof.

ON THE SIXTH CLAIM FOR RELIEF:

a.      For an accounting of all transactions, payments received, interest charged, and sums expended by MLG in connection with the MLG Note and Deed of Trust during the existence of the loan and through the Transfer of all sums received by MLG.

ON THE SEVENTH CLAIM FOR RELIEF:

a.      For return of the Surplus Funds;

b.      Alternatively, for the equity value of the Surplus Funds in an amount of no less than $1.9 million, in an amount to be proven at trial;

c.      For damages for the proximate and foreseeable loss resulting from Defendants' conversion in an amount to be proven at trial;

d.      For interest at the legal rate on the foregoing sums pursuant to Cal. Civil Code § 3336, from and after March 13, 2020;

e.      For damages for time and money properly expended in pursuit of the Surplus Funds in an amount to be determined at trial;

f.      For an order declaring that Defendants hold the Surplus Funds converted in trust for Plaintiff;

g.      For an order declaring Plaintiff the owner of the Surplus Funds;

h.      For an order compelling Defendants to convey the Surplus Funds to Plaintiff; and

1          i.        For punitive and exemplary damages.

2    ON THE EIGHTH CLAIM FOR RELIEF:

3          a.        For entry of judgment that the vesting of title to the Property be adjudicated

4    to be "Jeremy W. Faith, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of

5    La Casa de la Raza, Inc."

6    ON ALL CLAIMS FOR RELIEF:

7          a.        For costs of suit incurred, including attorneys' fees as provided by applicable

8    case law, statute and/or agreement of the parties;

9          b.        For interest at the legal rate on all damages and sums awarded to Plaintiff,

10    for the benefit of the Estate and

11          c.        For such other relief as the court may deem proper.

12
      DATED:  October 21, 2021                          **MARGULIES FAITH, LLP**
13

14                                                      By: */s/ Meghann A. Triplett*
                                                            Meghann A. Triplett
15                                                          Attorneys for Plaintiff Jeremy W. Faith,
                                                            Chapter 7 Trustee
16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF FRAUDULENT TRANSFERS [11 U.S.C. § 548(a)(1)(B)]; (2) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C.§ 550]; (3) FRAUD, CONCEALMENT, AND DECEIT [Cal. Civ. Code. §§ 1572, 1709, 1710]; (4) VIOLATION OF CAL. CIVIL CODE § 2943; (5) UNJUST ENRICHMENT; (6) ACCOUNTING; (7) CONVERSION; AND (8) QUIET TITLE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 21, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:
On **October 21, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Honorable Deborah J. Saltzman, U.S. Bankruptcy Court, 255 E. Temple St., Ste. 1634, Los Angeles, CA 90012

☐ Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 21, 2021 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

**PETITIONING CREDITOR: Eric Bensamochan**     eric@eblawfirm.us, G63723@notify.cincompass.com
**CHAPTER 7 TRUSTEE:  Jeremy W. Faith (TR)**     Trustee@MarguliesFaithlaw.com,
C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
**ATTORNEY FOR U.S. TRUSTEE:  Brian D Fittipaldi**     brian.fittipaldi@usdoj.gov
**ATTORNEY FOR PETITIONING CREDITORS:  Jeffrey I Golden**     jgolden@wgllp.com,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com
**ATTORNEY FOR DEBTOR:  Janet A Lawson**     jlawsonlawyer@gmail.com, G38570@notify.cincompass.com
**[PROPOSED] ATTORNEY FOR CHAPTER 7 TRUSTEE: Meghann A Triplett**     Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
**United States Trustee (ND)**     ustpregion16.nd.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**